IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT RICOBENE and NICOLE RICOBENE, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| NCO FINANCIAL SYSTEMS, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

### INTRODUCTION

1. Plaintiffs Robert Ricobene and Nicole Ricobene bring this action to secure redress from unlawful credit and collection practices engaged in by defendant NCO Financial Systems, Inc. Plaintiffs allege violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3. The TCPA restricts the use of automated equipment to dial cellular telephones.

### VENUE AND JURISDICTION

4. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA) and 28 U.S.C. §§1331 and 1337.

5. Venue and personal jurisdiction in this District are proper because:

   a. Defendant's collection communications were received by plaintiffs within this District;

1

b. Defendant transacts business within this District.

## PARTIES

6. Plaintiffs Robert Ricobene and Nicole Ricobene reside in the Northern District of Illinois.

7. Defendant NCO Financial Systems, Inc. is a corporation with principal offices located in Pennsylvania. It does business in Illinois. Its registered agent and office are CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

8. NCO Financial Systems, Inc. is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

9. NCO Financial Systems, Inc. is a debt collector under the FDCPA.

## FACTS

10. Defendant has been attempting to collect from plaintiff Nicole Ricobene an insurance premium incurred for personal, family or household purposes.

11. Defendant has placed at least 15 telephone calls using automated dialing equipment and recorded messages to plaintiff Robert Ricobene's cellular telephone during January-April 2010, including the following:

01/07/2010 at 7:12 pm
01/13/2010 at 3:26 pm
01/21/2010 at 6:16 pm
01/26/2010 at 3:27 pm
02/25/2010 at 12:57 pm
02/26/2010 at 2:16 pm
02/19/2010 at 12:58 pm
02/22/2010 at 2:54 pm
02/24/2010 at 4:28 pm
03/26/2010 at 7:49 am
03/27/2010 at 10:49 am
04/06/2010 at 9:47 am
04/07/2010 at 5:54 pm
04/08/2010 at 9:58 am
04/09/2010 at 2:39 pm
04/12/2010 at 3.20 pm
04/13/2010 at 7.56 pm
04/14/2010 at 2:39 pm
04/15/2010 at 5.54 pm
04/21/2010 at 2:23 pm

04/22/2010 at 4:22pm
04/23/2010 at 1:13 pm

    12.    Plaintiffs did not consent to calls to the cellular telephone by providing such numbers to the creditor, or otherwise.

    13.    Each of the messages was substantially as follows:

> THIS IS AN IMPORTANT MESSAGE FROM NCO FINANCIAL SYSTEMS INCORPORATED. THE LAW REQUIRES THAT WE NOTIFY YOU THAT THIS IS A DEBT COLLECTION COMPANY, THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. PLEASE CALL MR. FERRARA BACK TODAY AT 877-517-1978. ONCE AGAIN THAT NUMBER IS 877-517-1978. WHEN CALLING PLEASE USE REFERENCE ID 9R3VY8. THANK YOU GOOD BYE.

The callback information varied.

    14.    On or about March 26, 2010, defendant telephoned plaintiffs prior to 8:00 a.m. for the purpose of collecting the alleged debt.

### COUNT I – FDCPA

    15.    Plaintiffs incorporate paragraphs 1-14.

    16.    Defendant's telephone call prior to 8:00 a.m. violated 15 U.S.C. §1692c.

    17.    Section 1692c provides:

> **§ 1692c.    Communication in connection with debt collection [Section 805 of P.L.]**
>
> **(a) Communication with the consumer generally--Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt–**
>
> **(1)    at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antimeridian and before 9 o'clock postmeridian, local time at the consumer's location. . . .**

WHEREFORE, the Court should enter judgment in favor of plaintiffs and against defendant for:

    (1)    Statutory damages;

      (2)      Attorney's fees, litigation expenses and costs of suit;

      (3)      Such other and further relief as the Court deems proper.

## COUNT II – TCPA

18.    Plaintiff Robert Ricobene incorporates paragraphs 1-14.

19.    The TCPA, 47 U.S.C. §227, provides:

**§ 227. Restrictions on use of telephone equipment**

**. . . (b) Restrictions on use of automated telephone equipment.**

**(1) Prohibitions. It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States–**

    **(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice–**

        **(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call; . . .**

20.    The TCPA, 47 U.S.C. §227(b)(3), further provides:

**Private right of action.**

**A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–**

    **(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**

    **(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**

    **(C) both such actions.**

**If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

21. Defendant violated the TCPA by placing automated calls to plaintiff Robert Ricobene's cell phone.

WHEREFORE, plaintiff Robert Ricobene requests that the Court grant the following relief in favor of plaintiff Robert Ricobene and against defendant:

(1) Statutory damages;

(2) Costs;

(3) Injunctive relief;

(4) Such other and further relief as is appropriate.


s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Francis R. Greene
EDELMAN, COMBS, LATTURNER
    & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

                                    s/Daniel A.Edelman
                                    Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\24392\Pleading\Complaint revised 5_14_2010_Pleading.WPD

6