**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ROBERT RICOBENE and | ) | |
| NICOLE RICOBENE, | ) | |
| | ) | |
| Plaintiffs, | ) | Judge Leinenweber |
| | ) | |
| - vs- | ) | Case No.:      10 CV 2981 |
| | ) | |
| NCO FINANCIAL SYSTEMS, INC., | ) | Magistrate Judge Denlow |
| | ) | |
| Defendant. | ) | |

### NCO FINANCIAL SYSTEMS, INC.'S ANSWER
### AND AFFIRMATIVE DEFENSES

NOW COMES defendant NCO Financial Systems, Inc. ("NCO") by and through undersigned counsel, and for its answer to plaintiff's complaint, states as follows:

1.      Plaintiffs Robert Ricobene and Nicole Ricobene brings this action to secure redress from unlawful credit and collection practices engaged in by defendant NCO Financial Systems, Inc..  Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.  ("FDCPA"), and the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

**Answer:      NCO admits that Plaintiff purports to bring this action for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* and the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA") but denies any and all liability, damages, and wrongdoing under the law.**

2.      The FDPCA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or

misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§ 1692d, 1692e, 1692f and 1692g.

**Answer:** **There are no allegations in ¶ 2 directed at NCO, which contains only a conclusion of law to which no response is required. To the extent an answer is required, NCO denies that it acted in a way that was prohibited by or violated the FDCPA.**

3.      The TCPA restricts the use of automated equipment to dial cellular telephones.

**Answer:** **There are no allegations in ¶ 3 directed at NCO, which contains only a conclusion of law to which no response is required. To the extent an answer is required, NCO denies that it acted in a way that was prohibited by or violated the TCPA.**

4.      This Court has jurisdiction under 15 U.S.C. § 1692k (FDCPA) and 28 U.S.C. §§ 1331 and 1337.

**Answer:** **NCO admits the allegations of ¶ 4 for jurisdictional purposes only.**

5.      Venue and personal jurisdiction in this District are proper because:

        a.      Defendant's collection communications were received by Plaintiff within this District.

        b.      Defendant transacts business within this District.

**Answer:** **NCO admits the allegations of ¶ 5 for venue and jurisdictional purposes only.**

6.     Plaintiffs Robert Ricobene and Nicole Ricobene reside in the Northern District of Illinois.

**Answer:** **NCO is without sufficient knowledge or information to form a belief as to the truth of the allegations of ¶ 6, which operates as a denial**

7.     Defendant NCO Financial Systems, Inc., is a corporation with principal offices located in Pennsylvania. It does business in Illinois. Its registered agent and office are CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

**Answer:** **NCO admits the allegations of ¶ 7.**

8.     NCO Financial Systems, Inc. is engaged in the business of using the mails and telephone to collect consumer debts originally owed to others.

**Answer:** **NCO admits only that a part of its business involves using the mails and telephone to collect debts owed to others. Except as specifically admitted, NCO denies the allegations of ¶ 8.**

9.     NCO Financial Systems Inc. is a debt collector as defined in the FDCPA.

**Answer:** **NCO admits only that when it acts as a debt collector as defined by 15 U.S.C. § 1692a(6), its debt collection efforts may be regulated by certain provisions of the FDCPA. Except as specifically admitted, the allegations of ¶ 9 are denied.**

10.     Defendant has been attempting to collect from Plaintiff Nicole Ricobene an insurance premium incurred for personal, family or household purposes.

**Answer:** **NCO is without sufficient knowledge or information to form a belief as to the truth of the allegations of ¶ 10, which operates as a denial.**

11.    Defendant has placed at least 15 telephone calls using automated dialing equipment and recorded messages to plaintiff Robert Ricobene's cellular telephone during January-April 2010, including the following:

01/07/2010 at 7:12 pm
01/13/2010 at 3:26 pm
01/21/2010 at 6:16pm
01/26/2010 at 3:27 pm
02/25/2010 at 12:57 pm
02/26/2010 at 2:16 pm
02/19/2010 at 12:58 pm
02/22/2010 at 2:54 pm
02/24/2010 at 4:28 pm
03/26/2010 at 7:49 am
03/27/2010 at 10:49 am
04/06/2010 at 9:47 am
04/07/2010 at 5:54 pm
04/08/2010 at 9:58 am
04/09/2010 at 2:39 pm
04/12/2010 at 3:20 pm
04/13/2010 at 7:56 pm
04/14/2010 at 2:39 pm
04/15/2010 at 5:54 pm
04/21/2010 at 2:23 pm
04/22/2010 at 4:22 pm
04/23/2010 at 1:13 pm

**Answer:** **NCO admits only that its records reflect that it was calling a number reasonably believed to be a contact number for Nicole Ricobene in January through April, 2010. Except as specifically admitted, NCO denies the allegations of ¶ 11.**

- 4 -

12.    Plaintiffs did not consent to calls to the cellular telephone by providing such numbers to the creditor, or otherwise.

**Answer:    NCO denies the allegations of ¶ 12.**

13.    Each of the messages was substantially as follows:

> **THIS IS AN IMPORTANT MESSAGE FROM NCO FINANCIAL SYSTEMS INCORPORATED. THE LAW REQUIRES THAT WE NOTIFY YOU THAT THIS IS A DEBT COLLECTION COMPANY, THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WIL BE USED FOR THAT PURPOSE. PLEASE CALL MR. FERRARA BACK TODAY AT 877-628-1978. ONCE AGAIN THAT NUMBER IS 877-517-1978. WHEN CALLING PLEASE USE REFERENCE ID 9R3VY8. THANK YOU GOOD BYE.**

The callback information varied.

**Answer:    NCO is without sufficient knowledge or information to form a belief as to the truth of the allegations of ¶ 13, which operates as a denial.**

14.    On or about March 26, 2010, defendant telephoned plaintiffs prior to 8:00 a.m. for the purpose of collecting the alleged debt.

**Answer:    NCO denies the allegations of ¶ 14.**

## COUNT I

15.    Plaintiff incorporates paragraphs 1-14.

**Answer: NCO re-alleges and re-avers defendant's answers to ¶ ¶ 1 -14 as if set forth fully herein.**

16.    Defendants telephone call prior to 8:00 a.m. violated 15 U.S.C. § 1692c.

**Answer:    NCO denies the allegations of ¶ 16.**

17.    Section 1692c provides:

> **§ 1692c.   Communication in connection with debt collection. [Section 805 of P.L.]**
>
> **(a) Communication with the consumer generally—Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt –**
>
> **(1)  at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer.  In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antimeridian and before 9 o'clock postmeridian, local time at the consumer's location.**

**Answer: There are no allegations in ¶ 17 directed at NCO, which contains only a conclusion of law to which no response is required.  To the extent an answer is required, NCO denies that it acted in a way that was prohibited by or violated the FDCPA.**

## <u>COUNT II</u>

18.     Plaintiff Robert Ricobene incorporates paragraphs 1-14.

**Answer: NCO re-alleges and re-avers defendant's answers to ¶ ¶ 1 -14 as if set forth fully herein.**

19.     The TCPA, 47 U.S.C. § 227, provides:

> **§ 227.  Restrictions on the use of telephone equipment**
>
> **…(b)  Restrictions on use of automated telephone equipment**
>
> **(1)  Prohibitions.  It shall be unlawful for any person within the United States, or any person outside of the United States if the recipient is within the United States –**

**(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice –**

> **(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service for which the called party is charged for the call;…**

Answer:  There are no allegations in ¶ 19 directed at NCO, which contains only a conclusion of law to which no response is required.  To the extent an answer is required, NCO denies that it acted in a way that was prohibited by or violated the TCPA.

20.     The TCPA, 47 U.S.C. § 227(b)(3), further provides;

**Private right of action**

**A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State –**

> **(A) an action based on a violation of this subsection or the regulations prescribed  under this subsection to enjoin such violations,**

> **(B)  an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater,**

> **(C)  both such actions.**

**If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the aware to an amount equal to no more than 3 times the amount available under the subparagraph (B) of this paragraph.**

**Answer: There are no allegations in ¶ 20 directed at NCO, which contains only a conclusion of law to which no response is required. To the extent an answer is required, NCO denies that it acted in a way that was prohibited by or violated the TCPA.**

21.     Defendant violated the TCPA by placing automated calls to plaintiff Robert Ricobene's cell phone.

**Answer:      NCO denies the allegations of ¶ 21.**

AND NOW, in further Answer to the Complaint, NCO Financial Systems, Inc avers as follows:

## FIRST AFFIRMATIVE DEFENSE

One or more of the Counts contained in the Complaint fail to state a claim against NCO Financial Systems, Inc upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Pursuant to 15 U.S.C. § 1692k(c), to the extent that a violation(s) is established and in the event NCO Financial Systems, Inc is found to be a debt collector as defined in FDCPA, which is specifically denied, any such violation(s) was not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

## THIRD AFFIRMATIVE DEFENSE

One or more of the Counts contained in the Complaint are barred by the applicable statute of limitations.

### FOURTH AFFIRMATIVE DEFENSE

Any violation that may have occurred in this case, or any loss, injury, damage or detriment suffered by plaintiff, was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of third parties, and not by NCO.

### FIFTH AFFIRMATIVE DEFENSE

NCO denies that plaintiffs have sustained any damages, but to the extent that plaintiffs can establish that they have any damages, plaintiffs have failed to mitigate their damages.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's proposed class definition fails to comply with Federal Rule of Civil Procedure 23, and this action is not otherwise proper for class action certification.


WHEREFORE, Defendant NCO Financial Systems, Inc. respectfully requests that this answer be deemed good and sufficient, Plaintiff's lawsuit be dismissed, with prejudice, at Plaintiff's costs, pursuant to Federal and State law, Plaintiff be ordered to pay reasonable attorney's fees and costs for NCO and for all other general and equitable relief.

Respectfully submitted,

/s/ James K. Schultz
Attorney for NCO Financial Systems, Inc.

James K. Schultz, Esq.
Sᴇssɪᴏɴs, Fɪsʜᴍᴀɴ, Nᴀᴛʜᴀɴ & Isʀᴀᴇʟ, L.L.C.
55 West Monroe, Suite 1120
Chicago, IL 60603
Telephone:    (312) 578-0993
Facsimile:    (312) 578-0991
jschultz@sessions-law.biz

Attorney for NCO Financial Systems, Inc.


**CERTIFICATE OF SERVICE**

I certify that on this 14th day of June, 2010, a copy of the foregoing **NCO Financial Systems, LLC's Answer and Affirmative Defenses** was filed electronically in the ECF system.  Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system, including plaintiff's counsel as described below. Parties may access this filing through the Court's system.

> Daniel A. Edelman
> Francis R. Greene
> EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
> 120 S. LaSalle Street, 18th Floor
> Chicago, Illinois 60603


/s/ James K. Schultz
Attorney for NCO Financial Systems, Inc.